**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A0863. HARRIS v. PETERSON et al.

McFADDEN, Judge.

In this appeal from an order granting summary judgment, the appellant challenges the trial court's finding that a valid transfer of property had been made pursuant to a power of attorney. Because there is evidence that the actions of the attorney-in-fact were in contravention of her principal's actions and intent and were attempts to benefit her own position, genuine issues of material fact exist as to the validity of that transfer. We therefore reverse.

To prevail at summary judgment under OCGA § 9–11–56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element

of plaintiff's case. When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment. When this Court reviews the grant or denial of a motion for summary judgment, it conducts a de novo review of the law and the evidence.

(Citation omitted.) *Knight v. Roberts*, 316 Ga. App. 599, 600-601 (730 SE2d 78) (2012).

Construed in favor of the nonmoving party, the record shows that Dennison Williams and Darius Peterson are brothers, and after their mother's death in January 2005, Peterson was appointed administrator of her estate. In February 2005, Peterson filed an administrator's deed that passed fee simple title in certain tracts of real property to himself and Williams. In March 2005, Williams executed a financial power of attorney, appointing his sister-in-law, Anita Peterson, as his agent. Among other things, the power of attorney authorized Anita Peterson to sell real property.

Two years later, in March 2007, Williams entered into contracts to sell his interest in a tract of the inherited real property, as well as junk vehicles and scrap iron located on that property, to Eugene Harris. Several days later, after learning of those contracts, Anita Peterson presented to Williams a quitclaim deed transferring his

interest in all the inherited property to her husband, Darius Peterson. Williams stated that he did not wish to transfer his property and refused to sign the quitclaim deed. A week later, on April 9, 2007, Anita Peterson filed in the superior court the power of attorney that had been executed in 2005. That same day, she also filed the same quitclaim deed that Williams had refused to sign, which instead bore her signature pursuant to the power of attorney and which transferred his property interests to her husband. In June 2007, Williams filed a quitclaim deed transferring his interest in the property to Harris.

In April 2009, Darius Peterson filed a complaint against Harris, claiming trespass and other damage to the property. Harris filed a third-party complaint against Anita Peterson and Williams, claiming, among other things, that Anita Peterson committed fraud in using the power of attorney to convey the property to her husband. Plaintiff Darius Peterson and third-party defendant Anita Peterson filed separate motions for summary judgment. The trial court denied Darius Peterson's motion, but granted summary judgment to Anita Peterson on the basis that she had acted under the authority of the power of attorney in executing the quitclaim deed. Harris appeals from the grant of summary judgment to Anita Peterson.

"[A]s a general rule, a power of attorney merely authorizes another agent to do what the grantor principal could do with respect to the recited subject matter. The grantor retains the right to act in his own name with respect to that subject matter, notwithstanding his execution of the power of attorney." (Punctuation omitted.) *Thornton v. Carpenter*, 222 Ga. App. 809, 812 (2) (b) (476 SE2d 92) (1996). See also OCGA § 10-6-141 (explaining that financial power of attorney does not give away all powers and that principal may still choose to handle his own affairs). Thus, in this case, even though Williams had executed the power of attorney giving his agent the power to make real estate transactions on his behalf, he was still authorized to act in his own name and make such real estate deals himself. Having entered into a contract to sell his interest in certain real property to Harris and then having filed a quitclaim deed transferring said property to Harris, there is at the very least a genuine issue of material fact as to whether Anita Peterson's actions in direct contravention of her principal's actions and intent were authorized. "The agent shall act within the authority granted to [her], reasonably interpreted; if [she] shall exceed or violate [her] instructions, [she] does it at [her] own risk, the principal having the privilege of affirming or dissenting, as his interest may dictate." OCGA § 10-6-21.

4

Furthermore, Georgia law "prohibits agents such as those acting under a power of attorney from benefiting from their position to the principal's detriment. [Cits.]" *Bradshaw v. McNeill*, 228 Ga. App. 653, 654 (1) (492 SE2d 568) (1997). Indeed, "an agent may not profit from the agency to the detriment of the principal. [Cit.]" *Johnson v. First Nat. Bank of Rome*, 253 Ga. 233, 234 (1) (a) (319 SE2d 440) (1984). Given that Anita Peterson transferred all of Williams' property rights to her husband without any apparent benefit flowing to Williams, even though the trial court was correct in finding that she had the legal right under the power of attorney to make such a transfer, "whether [she] was in fact acting on [Williams'] behalf and whether she exceeded the scope of her authority by [transferring the property] present jury questions." *Bradshaw*, supra at 654-655 (1).

We note that this case is distinguishable from *LeCraw v. LeCraw*, 261 Ga. 98 (401 SE2d 697) (1991), which is relied upon by appellee Peterson. In that case, it was undisputed that the grantor of the power of attorney did not object to the actions of her agent. Id. at 99. But in the instant case, there is a question of fact as to Williams' objection to the actions of Anita Peterson. Accordingly, because there exist genuine issues of material fact, we reverse the grant of summary judgment to Anita Peterson.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

5